# Witherspoon v. The State.

### Murder.

(Decided July 6, 1910. 53 South. 271.)

1. *Homicide; Self Defense; Jury Question.*—Under the evidence in this case it was a question for the jury to determine whether defendant was justified on the grounds of self defense.

2. *Same; Evidence.*—It was competent for the state to show that the deceased was following a customary course at the time of the difficulty, to-wit, going to visit a house he usually visited, as refuting defendant's claim that deceased was pursuing him because of a previous difficulty.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

John Thomas Witherspoon was convicted of murder, and he appeals. Affirmed.

The only witness introduced by the state was Albert Johnson, who testified that he and Clinton Sims and Helen Witherspoon were sitting on his front porch, when to the north of his house, and almost facing him, a gun was fired, and that in a very short time defendant came running from the direction of the firing jumping on the porch, and ran into the east room of the house, and that witness jumped up, and asked him what was the matter, and defendant replied that the deceased had

shot at him with a gun, and that he wanted his gun; that soon afterwards the deceased, with a gun on his shoulder, came from the same direction from which defendant had come, and that as he passed the front porch about 10 or 12 feet away he asked, "Is that you, Robert, is that you, Clint?" and, on each replying, "Yes," he passed on around the west-end of the house; that, after the defendant had been in the east room about five minutes, he passed from that room into the west room, and witness asked the defendant where were his shoes, and, upon defendant's telling him where they were, witness told Helen to go get them, and defendant said to her, "Bring my gun," and told her where it was; that Helen was gone some minutes after the shoes, and that, when she returned, she brought the shoes and the gun, and gave them to defendant, and that defendant put on the shoes and soon after he stepped to the door, and said that he was not afraid of any man, and made two or three steps towards the end of the gallery, when witness heard deceased say, "You come on my place with your big talk," and at once a gun fired, but witness did not see either the deceased or defendant at that time; that, after the gun fired, he went out and found Jake Witherspoon, the deceased, lying about six or eight feet from the gallery, barefooted, with his gun, which was lying near his right side with the breech near his right hand, loaded with shells, with his shoes lying near his shoulder as if they had been slung across his shoulder, and that, as the gun fired, he heard Helen say to defendant, "There, you have killed Jake," and defendant replied, "Yes; I had to, or he would have got me." The solicitor was then permitted to show by the witness that a certain named person lived down the road beyond the house where the killing occurred, and that deceased was in the habit of passing that way in

going to the house. Sims was afterwards introduced who testified to practically the same state of facts.

I. I. CANTERBURY, for appellant. The evidence offered by the state to show that the deceased was following a customary course in going to visit a house that he usually visited, at the time of the killing, was irrelevant and inadmissible for any purpose.—*Churchwell v. The State*, 117 Ala. 124; *Jordan v. The State*, 81 Ala. 30. On the whole evidence the general charge should have been given for the defendant.—*Stitt v. The State*, 91 Ala. 10; Mayfield's Digest, Vol. 1, 314.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The conviction was of murder in the second degree. The justification invoked by defendant was self-defense.

From the evidence introduced it was clearly for the jury to determine whether the defense interposed was established. The declaration made by the defendant a short period of time before the shooting was susceptible of being interpreted as provocative of the fatal meeting between deceased and defendant, soon occurring. That there was no reasonable means or opportunity for defendant to have retreated, even granting the unprovoked menace of a drawn gun on him, cannot be pronounced as matter of law on the evidence before the court. The sending by defendant for his gun, the mentioned declaration made by him, and the quickness with which the shot followed Jake Witherspoon's (deceased's) remark, to say nothing of the possible inferences deducible from the relative posture of the body of deceased, of his gun and of the shoes "slung" over his shoulder, made the several inquiries usually involved in self-defense

[Green v. The State.]

matters for the jury's determination. The motion to exclude the evidence and the affirmative charge, requested by the defendant, were properly overruled and refused, respectively.

The testimony to which objections were made was well admitted. It tended to show that deceased was following a customary course, viz., en route to visit an house he usually visited. It also tended to refute defendant's insistence that deceased was pursuing him because of the previous difficulty.

There is no error in the record. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and EVANS, JJ., concur.